## In re FORD MOTOR COMPANY/CITIBANK, N.A., CARDHOLDER REBATE PROGRAM LITIGATION

Ricky A. Copeland v. Ford Motor Co., W.D. Washington, C.A. No. 2:98–817 (N.D.Alabama, C.A. No. 7:97–2666)

John La Grou v. Ford Motor Co., W.D. Washington, C.A. No. 2:98–226 (C.D.California, C.A. No. 2:97–9198)

John McCauley v. Ford Motor Co., et al., W.D. Washington, C.A. No. 2:98–151 (N.D.Illinois, C.A. No. 1:97–5627)

Gerald Essig, et al. v. Ford Motor Co., W.D. Washington, C.A. No. 2:98–152 (E.D. New York, C.A. No. 1:97–4648)

Jeffrey Scott Merrick v. Ford Motor Co., et al., W.D. Washington, C.A. No. 2:98–153 (D.Oregon, C.A. No. 3:97–1186)

No. MDL–1199.

Judicial Panel on Multidistrict Litigation.

Feb. 14, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, JR., Judges of the Panel.

* Judge Keenan did not participate in the deci-

## ORDER DENYING REMAND

WILLIAM TERRELL HODGES, Chairman.

This matter is before the Panel on the motion of defendants Ford Motor Company (Ford) and Citibank (South Dakota), N.A. (Citibank), pursuant to 28 U.S.C. § 1407(a) and Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001), to remand these five actions to their respective federal transferor courts. Defendants included in their motion a sixth action that was originally removed to the Western District of Washington. Because this action's federal court history was totally within the Western District of Washington, no remand of this action by the Panel would ever be necessary. *Cf.* Rule 7.5(a), R.P.J.P.M.L., *id.* at 436 ("Potential 'tag-along actions' filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions."); Rule 7.6(b), R.P.J.P.M.L., *id.* at 437 ("Actions that were originally filed in the transferee district require no action by the Panel to be reassigned to another judge in the transferee district at the conclusion of the coordinated or consolidated pretrial proceedings affecting those actions.").

Judge William L. Dwyer, who was the initial transferee judge in MDL–1199, found that defendants had failed to show by a preponderance of the evidence that the amount in controversy requirement of 28 U.S.C. § 1332 had been met, and, therefore, the federal court lacked subject matter jurisdiction over the consolidated complaint and the six removed actions. He ordered i) dismissal of the consolidated complaint, and ii) remand of the underly-

sion of this matter.

ing six removed actions to their respective state courts. *In re Ford Motor Company/Citibank (South Dakota), N.A. Cardholder Rebate Program Litigation*, MDL–1199 (W.D.Wash. Oct. 29, 1999). In November 1999, Ford and Citibank appealed Judge Dwyer's jurisdictional ruling to the Ninth Circuit. The Ninth Circuit ordered appellants to show cause why their appeal should not be dismissed, because an order remanding an action to state court, pursuant to 28 U.S.C. § 1447, is not reviewable under 28 U.S.C. § 1291; the Ninth Circuit subsequently discharged the show cause order and scheduled briefing on the jurisdictional issue. On September 6, 2001, the Ninth Circuit affirmed the dismissal of the consolidated complaint and further determined that once this consolidated complaint was dismissed, the underlying state removed complaints were left intact. The Circuit, then, held that i) the district court did not exceed its authority in remanding these removed actions to their respective state courts, and ii) under 28 U.S.C. § 1447(d), the Circuit lacked jurisdiction to review the correctness of that decision. *McCauley v. Ford Motor Co.*, 264 F.3d 952 (9th Cir.2001). In December 2001, defendants petitioned the U.S. Supreme Court for a writ of certiorari. On January 18, 2002, Ford and Citibank's motion to the Ninth Circuit for a stay of its mandates was granted pending a decision by the Supreme Court. On February 19, 2002, the Supreme Court granted defendants' petition. After oral argument on October 7, 2002, the Supreme Court on October 15th dismissed (without comment) the writ as improvidently granted. *Ford Motor Co., et al. v. McCauley, et al.*, 537 U.S.

——, 123 S.Ct. 584, 154 L.Ed.2d 1 (2002). The Ninth Circuit issued its mandates on February 6, 2003.

Under these circumstances the Panel finds it unnecessary to consider the present motion. Once the writ of certiorari was dismissed as improvidently granted, it became crystal-clear that the September 2001 Ninth Circuit decision affirming the district court's October 1999 order is the law of the case. Accordingly, the Ninth Circuit issued its mandates earlier this month. Thus, the actions now before the Panel were properly remanded directly to their respective state courts by the transferee judge on October 29, 1999, and that ruling should be executed. Any Section 1407 remand by the Panel would be superfluous and would contravene long-standing practice by MDL transferee judges. *See, e.g., In re Universal Service Fund Telephone Billing Practices Litigation*, MDL–1468, —— F.Supp.2d —— (D.Kan. Dec. 19, 2002); MDL–1348–*In re Rezulin Products Liability Litigation* (S.D.N.Y. Nov. 7, 2002); MDL–1435–*In re Wireless Telephone Replacement Protection Programs Litigation* (S.D.Ga. Apr. 9, 2002); MDL–1383–*In re Ciprofloxacin Hydrochloride Antitrust Litigation* (E.D.N.Y. Oct. 11, 2001); MDL–926–*In re Silicone Gel Breast Implants Products Liability Litigation* (N.D.Alab. Dec. 28, 1998).

IT IS THEREFORE ORDERED that defendants' motion to remand these actions, pursuant to 28 U.S.C. § 1407(a), to their federal transferor courts is denied.